[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15212
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2012
JOHN LEY
CLERK

D.C. Docket No. 9:10-cv-80292-KLR

EXTREME CRAFTS VII, LLC,
a Florida limited liability company,

Plaintiff - Appellant,

versus

CESSNA AIRCRAFT COMPANY,
a foreign corporation,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 22, 2012)

Before CARNES, BARKETT and HILL, Circuit Judges.

PER CURIAM:

Extreme Crafts VII, LLC ("Extreme") appeals an adverse summary judgment in favor of Cessna Aircraft Company, ("Cessna"). Extreme sued Cessna claiming fraudulent and negligent inducement to enter into a contract for the purchase of a Cessna aircraft.

Prior to the contract at issue, Extreme purchased two aircraft from Cessna. Thereafter, it entered into a contract to purchase a more expensive third aircraft, a Sovereign, which Extreme hoped to sell to a third party at a significant profit. When the aviation market took a severe downturn, Extreme was unable to sell its position and declined to complete the payments on the contract. After Cessna retained the deposit sums, as expressly provided for in the purchase contract, Extreme then claimed it was duped into purchasing the aircraft due to representations made by Cessna's sales representative and sued Cessna for fraudulent inducement, fraud, negligent misrepresentations and unjust enrichment. Specifically, Extreme claimed that Cessna made the following fraudulent statements to induce the signing of the contract:

a. There is a two year wait for the Sovereign.

b. The Sovereign is in short supply.

c. There is a backlog for the Sovereign.

d. Cessna's sales history for the Sovereign showed that Extreme would have no problem "flipping" the aircraft contract.

e. Purchasing the Sovereign now would place Extreme in a position to sell the Sovereign contract within a year.

f. Extreme will definitely be able to sell the Sovereign before the final deposit is required because Cessna had buyers that did not want to wait two years.

g. The real money is in the Sovereign, it's an easy million bucks.

h. Extreme would definitely net a minimum of $1 million profit upon the sale of the Sovereign contract.

i. The Sovereign is marketable and desirable.

However, Frederick Middleton, Extreme's representative who took part in the negotiations with Cessna about purchasing the Sovereign, admitted in his deposition that some of these statements were true when they were made and/or he had no information to suggest otherwise.

In awarding Cessna summary judgment, the district court held that the alleged fraudulent statements were not actionable as fraud because they were either puffing or contained future promises that were not actionable as fraud. Specifically, the district court determined, based on the undisputed material facts,

3

that the alleged statements by Cessna's sales representative (i.e. the marketability of the Sovereign, the present backlog of buyers, the ability to flip the contract) were either true when made, concern future performance and/or are speculative and do not rise to the level of fraud or negligent misrepresentations. The district court also held, based on the undisputed material facts, that there was no justifiable reliance on the statements.

## DISCUSSION

Initially, Extreme argues that the district court was prejudiced and biased against it. We have reviewed the record and do not find evidence sufficient to support this claim; a review of the record plainly shows that the district court's ruling was based on the undisputed evidence.

Extreme next argues that the district court erred in failing to consider facts in the light most favorable to Extreme as the non-moving party, by making factual determinations unsupported by the record, and by making determinations that the jury should have made. Again, we find that undisputed facts supported the district court's conclusion as a matter of law.

Extreme also argues that after soliciting "supplemental filings," the district court struck Extreme's filing declaring that it was improper as "the Court did not state that it wanted additional briefing and/or memoranda of law," but, at the same

4

time, permitted Cessna to file a deposition of Ralph Lloyd, a Cessna sales director. At the hearing, and in response to Extreme's reference to Lloyd's deposition, counsel for Cessna responded that the deposition testimony was not before the district court in the summary judgment papers. At the end of the hearing, the district court provided an opportunity for counsel to supplement the record, stating "[i]f you have any other things you want [sic] file, do it within three days." The district court did not invite further memoranda of law. Although the district court could have been clearer, we cannot say it was an abuse of discretion to disregard additional legal arguments made after the hearing.

Finally, Extreme argues that the district court erred in awarding Cessna liquidated damages without their filing an action for such an award. This did not happen. Extreme's unjust enrichment count was premised on Extreme's claim that Cessna would be unjustly enriched if allowed to retain the $2,250,000 deposit for the Sovereign. Cessna retained the deposit, as permitted in the purchase agreement, when Extreme breached the agreement by not paying the additional sums due. The district court simply held that Cessna's retaining the deposit was not unjust enrichment because the purchase agreement governs the rights and

duties of the parties to the deposit money.  This was not error.[1]

For the forgoing reasons, the judgment of the district court is

**AFFIRMED**

---

[1] Extreme argues that the district court erred in applying Kansas law, which has a more burdensome standard of proof for fraud claims than Florida law does.  We need not decide which state's law applies, however, because Extreme failed to create a genuine issue of material fact under either standard.  So, even if Florida law does apply, the result is the same.  We have also considered Extreme's remaining contentions and conclude that they lack merit.